## BAKER v. NEW ORLEANS, OPELOUSAS AND GREAT WESTERN RAILROAD COMPANY et al.

Plaintiff obtained a judgment *in solido* against A., B. and C. A. appealed, and the judgment was reversed. But pending the appeal, plaintiff issued an execution against B., and garnisheed A., who answered that he had funds of B., but if the judgment already rendered against him in the suit should be maintained on appeal, then he would owe B. a balance, which would depend on the amount of interest and costs due on such judgment. *Held:* The garnishees were liable under their answers. *Held, also:* That the suspensive appeal did not prevent the plaintiff from exercising his right of garnishment against A., who had taken it.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J. *Larue & Whittaker*, for plaintiff. *M. M. Cohen*, for defendants.

OGDEN, J. The plaintiff obtained a judgment against the New Orleans and Opelousas Railroad Company, and several other defendants *in solido*, for the sum of $514 and interest. The company, by that judgment, were made liable for the amount of a draft which *Kirkpatrick*, one of the defendants, had drawn on *Gibbs*, another of the defendants, who was chief engineer of the railroad, and which it was alleged the Secretary of the company had accepted on their behalf. The company took an appeal, which has just been decided in their favor. No appeal having been taken from the judgment by *Kirkpatrick*, the plaintiff caused an execution to issue on her judgment against him, and cited the company, as garnishees, to declare under oath, whether they had, in their hands, moneys belonging to *Kirkpatrick*, to a sufficient amount to satisfy the judgment. As garnishees, by their answering, the company admitted that that they had funds, but qualified the admisson by stating that if the judgment already rendered against them as defendants in the suit should be maintained on appeal, then they would owe *Kirkpatrick* a balance, which would depend on the amount of interest and costs due on such judgment.

On these answers, we think the Judge of the court below did not err in holding the garnishees liable. The admission that they had funds in their hands belonging to their co-defendant, could not be affected by such a qualifition.

The objection to the plaintiff's right to proceed against the company by process of garnishment, because they had taken a suspensive appeal from a judg-

ment rendered against them as parties defendant in the same suit, does not appear well founded, and no reason for such an objection has been suggested. BAKER
*v.*
OPELOUSAS R. R.

The judgment of the court below reserves the question as to that portion of the fund which had been previously attached by other parties. We see no reason to disturb the judgment, and it is therefore affirmed with costs.